# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __2084CV01697H__

Jo. A. Israelson _____, PLAINTIFF(S),

V. __

Greyhound .Lines, Inc. ___, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _____Greyhound Lines, Inc._____. (Defendant's name)

You are being sued.  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Suffolk Superior__ Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond.  To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, _____ (address), by mail or in person, AND

      Suffolk Superior Court
      Three Pemberton Square
      Boston, MA   02108

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Charlotte E. Glinka, Esq.
      Keches Law Group, P.C., 2 Granite Avenue, Suite 400, Milton, MA   02186

3. What to include in your response.  An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest:

_Joseph P Casey_
Deputy Sheriff Suffolk County

10-8-20

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ____September 28____, 20__20__.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on_____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___        Signature: _____

---

N.B.    **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

JO A. ISRAELSON,
    Plaintiff            )
                     )
                     )
v.                    )
                     )
                     )
GREYHOUND LINES, INC.,  )
    Defendant       )

**RECEIVED**

JUL 31 2020

SUPERIOR COURT-CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

### COMPLAINT AND JURY CLAIM

### PARTIES and FACTS

1. The plaintiff, Jo A. Israelson, is an individual residing in Union Bridge, Maryland.

2. The defendant, Greyhound Lines, Inc., is a foreign corporation duly organized and existing under the laws of the State of Delaware with a principal place of business at 600 Vine Street in Cincinnati, Ohio.

3. At all material times, the defendant was licensed to do business in the Commonwealth of Massachusetts.

4. At all materials times, the defendant operated a passenger bus service which provided service to passengers in the Commonwealth of Massachusetts.

5. On July 1, 2019, the plaintiff, Jo A. Israelson, was a passenger on the defendant's bus with bus number and/or license plate number MA86576.

6. The plaintiff sustained personal injuries when the bus seat in which she was sitting suddenly became disengaged and propelled her forward while the bus was in transit.

7. The plaintiff has satisfied all conditions precedent to the bringing of this action.

### PLAINTIFF JO A. ISRAELSON'S CLAIM
### AS TO THE DEFENDANT GREYHOUND LINES, INC.

### COUNT I - NEGLIGENCE

8. The plaintiff repeats and reavers the foregoing paragraphs as if each were set forth fully herein.

9. On or about July 1, 2019, the defendant Greyhound Lines, Inc., by and through its employees, operated a bus transportation service for members of the public.

10. The defendant had a duty to maintain its buses in a reasonably safe condition and free of all defects and/or hazards that may potentially expose passengers to a risk of harm.

11. The defendant was negligent in failing to properly maintain the bus on which the plaintiff was a passenger, thereby allowing a defective and/or hazardous condition to exist thereon, which defective and/or hazardous condition exposed riders, including the plaintiff, to a risk of harm.

12. The defendant had a duty to operate its buses in a reasonably safe manner.

13. The defendant is liable for any negligence on the part of its bus driver while in the course of his employment, including the employee who was operating the bus on July 1, 2019, on which the plaintiff Jo A. Israelson was a passenger.

14. As a direct and proximate result of the defendant's negligence and/or vicarious liability, the plaintiff was caused to sustain serious personal injuries, including physical and mental pain and suffering, was caused to incur expenses for her medical care and treatment, was caused to lose time and income from her employment and/or a loss of earning capacity, and has suffered and continues to suffer an impairment to her ability to enjoy life and attend to her usual activities.

15. The plaintiff was at all times in the exercise of due care and free of all comparative negligence.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described damages, plus interest and costs.

## JURY CLAIM

The plaintiff claims a jury trial on the cause of action set forth herein.

Respectfully submitted,
By her Attorneys,

KECHES LAW GROUP, P.C.

/s/ Charlotte E. Glinka
CHARLOTTE E. GLINKA
BBO # 559117
2 Granite Avenue, Suite 400
Milton, MA 02780
(508) 821-4371
email: cglinka@kecheslaw.com

2

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2084CV01697 H | Trial Court of Massachusetts The Superior Court |  |
|---|---|---|---|
| **CASE NAME:** Israelson, Jo A vs. Greyhound Lines Inc | | Michael Joseph Donovan, Clerk of Court | |
| **TO:** | | **COURT NAME & ADDRESS** Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 | |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 10/29/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 11/30/2020 | |
| All motions under MRCP 12, 19, and 20 | 11/30/2020 | 12/28/2020 | 01/27/2021 |
| All motions under MRCP 15 | 11/30/2020 | 12/28/2020 | 01/27/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 05/27/2021 | | |
| All motions under MRCP 56 | 06/28/2021 | 07/26/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/23/2021 |
| Case shall be resolved and judgment shall issue by | | | 08/01/2022 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 07/31/2020 | ASSISTANT CLERK Steven J Masse | PHONE (617)788-8147 |
|---|---|---|